## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

| | |
|---|---|
| **FREDERINA LLOYD,** | |
| **Plaintiff,** | |
| **v.** | **Case No. _____** |
| **AETNA LIFE INSURANCE COMPANY,** | |
| **Defendant.** | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Defendant Aetna Life Insurance Company ("Aetna") hereby removes this action to the United States District Court for the Southern District of Georgia, Brunswick Division, which is the federal judicial district embracing the Magistrate Court of Glynn County, Georgia, where this case was originally filed as Case No. 1901693. As discussed below, removal of this action is proper pursuant to 28 U.S.C. § 1331, because Plaintiff's claims against Aetna invoke the Court's federal question jurisdiction under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* The grounds for removal are as follows:

1.      Plaintiff Frederina Lloyd ("Plaintiff") commenced this civil action in the Magistrate Court of Glynn County, Georgia, on May 14, 2019. The Summons and Complaint were served on Aetna on May 21, 2019. A true and correct copy of

all process and pleadings filed in the State Court Action are attached hereto as Exhibit A.

2.　　This Notice of Removal is being filed within thirty (30) days of service on Hartford of the initial pleading setting forth the claims for relief, and is therefore timely pursuant to 28 U.S.C. § 1446(b) and Rule 6(a) of the Federal Rules of Civil Procedure.

3.　　The United States District Court for the Southern District of Georgia, Brunswick Division, is the federal judicial district embracing the Magistrate Court of Glynn County, Georgia, where this suit was originally filed.  Venue is therefore proper under 28 U.S.C. § 90(c)(5) and § 1441(a).

## <u>FEDERAL QUESTION JURISDICTION</u>

4.　　In the Complaint, Plaintiff alleges that she was insured under a long-term disability ("LTD") policy issued by Aetna. (*See* Ex. A at 3 (¶ 3)). The subject group policy, Policy No. GP-621520, was issued by Aetna to Southeast Georgia Health System to insure the LTD component of the Southeast Georgia Health System Disability Plan ("Plan").  A copy of the governing Policy and Certificate is attached hereto as Exhibit B.  It expressly references ERISA and provides a statement of participant's rights under ERISA.  (*See* Ex. B. at 15, 45-47).

5.　　Plaintiff's Complaint further alleges that Plaintiff applied for LTD benefits under the Policy, which Aetna denied. (Ex. A at 4 (¶¶ 6-7)).

6.      Plaintiff's Complaint asserts claims for breach of contract and bad faith penalties in connection with the denial of her claim for LTD benefits under the Policy Plan.  (*Id.*).

7.      This action against Aetna could have been originally filed in this Court pursuant to 29 U.S.C. § 1132 as Plaintiff seeks to recover benefits under the Plan, an employee welfare benefits plan governed by ERISA.  (*See* Ex. B. at 15, 45-47).

8.      Although removal based on federal question jurisdiction generally is proper only if a federal question appears on the face of a well-pleaded complaint, the field of employee benefit plans is one of the areas subject to complete preemption under federal law.  *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004); *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F. 3d 1337, 1344 (11th Cir. 2009).

9.      In *Anthem*, the Eleventh Circuit adopted the test for complete preemption under ERISA as set forth in the United States Supreme Court case *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004) ("*Davila*").  *Anthem*, 591 F.3d at 1345.  In *Davila*, the Supreme Court stated:

> [I]f an individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls within the scope of ERISA § 502(a)(1)(B). In other words, if an individual, at some point

> in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B).

*Davila*, 542 U.S. at 210. As the Eleventh Circuit further explained, "the *Davila* test . . . requires two inquiries, (1) whether the plaintiff could have brought [his or her] claim under § 502(a); and (2) whether no other legal duty supports the plaintiff's claim." *Anthem*, 591 F.3d at 1345.

10.     The first part of the *Davila* test, whether a plaintiff could have brought his claim under ERISA, is satisfied if two requirements are met: (1) the plaintiff's claims fall within the scope of ERISA; and (2) the plaintiff has standing to sue under ERISA.  *Id.* at 1350; *Davila*, 542 U.S. at 211-12.

11.     Plaintiff's claims here fall squarely within the scope of ERISA. As noted above, Plaintiff's Complaint asserts claims for breach of contract and bad faith statutory penalties against Aetna in connection with the denial of Plaintiff's claim for LTD benefits under the ERISA-governed Policy and Plan. Plaintiff expressly seeks benefits in the form of compensatory damages allegedly due under the Plan. *See* (Ex. A at 4-5 ("WHEREFORE" clause)).  Such allegations directly concern a claim for benefits under an ERISA-governed Plan; thus, they fall within the scope of ERISA.  *See Anthem*, 591 F.3d at 1351.

12.     Plaintiff also satisfies the standing requirement to sue under ERISA as a Plan participant.  *See* 29 U.S.C. 1132(a)(1).  Accordingly, the first prong of the

*Davila* test is met in this case.

13.     The second prong of the *Davila* test adopted by the Eleventh Circuit in *Anthem* is whether no independent legal duty supports Plaintiff's claims against Aetna.  *See Anthem*, 591 F.3d at 1345.  As described above, Plaintiff's claims against Aetna all relate to an ERISA-governed Plan and assert an allegedly improper denial of benefits thereunder.  *Id.* at 1353.  In other words, the duty upon which Plaintiff's claims are based cannot exist independently of the Plan and no independent legal duty supports Plaintiff's claims against Aetna.

14.     Accordingly, both prongs of the *Davila* test for complete preemption are met in this case, and Plaintiff's claims against Aetna are ERISA-preempted. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987).

15.     The District Courts of the United States are given original jurisdiction over civil actions under ERISA pursuant to 28 U.S.C. § 1331 without respect to the amount in controversy or the citizenship of the parties.  Plaintiff's claims against Aetna arise from the alleged denial of her claim for benefits under the ERISA-governed Policy and Plan; therefore, this action is completely preempted by ERISA, within this Court's federal question jurisdiction, and removable to the United States District Court for the Southern District of Georgia, Brunswick Division, pursuant to the provisions of 28 U.S.C. § 1441.

## MISCELLANEOUS

16.     A copy of this Notice of Removal is being filed with the Clerk of the Magistrate Court of Glynn County, Georgia, as provided by law, and written notice is being sent to Plaintiff's counsel.

17.     The prerequisites for removal under 28 U.S.C. § 1441 have been met.

18.     The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Southern District of Georgia, and this cause is removable to the United States District Court for the Southern District of Georgia.

19.     Should any question arise as to the propriety of the removal of this action, Aetna respectfully requests the opportunity to submit a brief and present oral argument in support of its position that this cause is removable. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

WHEREFORE,   PREMISES   CONSIDERED,   Defendant   Aetna   Life Insurance Company prays that the above action currently pending against it in the Magistrate Court of Glynn County, Georgia, be removed to this Court.

Respectfully submitted,

/s/ *Starr T. Drum*
Starr T. Drum
Georgia Bar No. 733029
*Attorney for Defendant Hartford Life and Accident Insurance Company*

**OF COUNSEL:**
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
Suite 2400, Regions/Harbert Plaza
Birmingham, Alabama 35203-2618
T:  (205) 254-1000
F:  (205) 254-1999
sdrum@maynardcooper.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2019 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

W. Douglas Adams
Georgia Bar Number: 004650
1829 Norwich Street
Post Office Box 857
Brunswick, Georgia 31521-0857
(912) 265-1966
*Attorney for Plaintiff*

/s/ *Starr T. Drum*
OF COUNSEL